**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| DOREN CUMMINGS,<br><br>    Plaintiff,<br><br>      v.<br><br>MAINSTAY SUPPORTIVE HOUSING AND<br>HOME CARE, INC.,<br><br>    Defendant. | Civil Action No. 1:26-cv-12593 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Mainstay Supportive Housing and Home Care, Inc. ("Mainstay") hereby removes the action brought by Plaintiff Doren Cummings in the Commonwealth of Massachusetts Middlesex County Superior Court, Civil Action No. 2681CV01055, to this Court. In support of this notice, Mainstay states:

1.      On April 20, 2026, Cummings filed a civil action in the Middlesex Superior Court. The action is styled as case number 2681CV01055. *See* Exhibit A (Complaint).

2.      Cummings's complaint alleges violations of the Family and Medical Leave Act (FMLA) and the Massachusetts Paid Family Medical Leave Act (PFML).

3.      Cummings served Mainstay with a copy of the summons and complaint on May 13, 2026. *See* Exhibit B (Return of Service).

4.      Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all other process, pleadings, and orders served upon Mainstay and filed in the state court action are attached as Exhibit C.

## VENUE

5.      The United States District Court for the District of Massachusetts is the federal judicial district embracing the Commonwealth of Massachusetts Middlesex County Superior Court, where this action was originally filed. Therefore, pursuant to 28 U.S.C. §§ 101, 1441(a), assignment to the United States District Court for the District of Massachusetts is proper.

## GROUNDS FOR JURSIDICTION

6.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Cummings's FMLA claims, which arise under the laws of the United States.

7.      Pursuant to 28 U.S.C. § 1337(a), this Court has supplemental jurisdiction over Cummings's state law PFML claims, as they relate to claims over which this Court has original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution.

## TIMELY REMOVAL

8.      Mainstay was served with the summons and complaint on May 13, 2026. Mainstay has filed this notice of removal within thirty days of service of the complaint, and it is therefore timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (period for removal under 28 U.S.C. § 1446(b) begins to run only after a defendant is brought under the court's authority by service of process).

## NOTICE TO STATE COURT

9.      Pursuant to 28 U.S.C. § 1446(d), undersigned counsel has filed this notice of removal, as well as a notice of filing of notice of removal, with the Clerk of the Commonwealth of Massachusetts Middlesex County Superior Court and has served the same on counsel for Cummings.

WHEREFORE, Mainstay hereby removes the state court action to this Court's jurisdiction.

Respectfully submitted,

MAINSTAY SUPPORTIVE HOUSING AND HOME CARE, INC,

By its attorney,

/s/ *Alexandra Arnold*
Alexandra Arnold (BBO #706208)
aarnold@clohertysteinberg.com
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111
617-481-0160

Dated: June 8, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, this document was filed through the ECF system. It will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing. I also served this document by certified mail and email on Cummings, through his counsel of record in the state court action:

Sonja L. Deyoe
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
SLC@the-straight-shooter.com

/s/ *Alexandra Arnold*
Alexandra Arnold