**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| DOREN CUMMINGS,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>MAINSTAY SUPPORTIVE HOUSING AND<br>HOME CARE, INC.,<br><br>　　Defendant. | Civil Action No. 26-cv-12593-GAO |

**DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Pursuant to Rules 8 and 15 of the Federal Rules of Civil Procedure, Defendant Mainstay Supportive Housing and Home Care, Inc. ("Mainstay") hereby submits the following Answer and Affirmative Defenses to Plaintiff Doren Cummings's Complaint.

**ANSWER**

**PARTIES**

1.　　Mainstay admits that Cummings was employed by Mainstay and that Cummings held the positions of Director of In-Home Services and, later, Director of Marketing during the course of that employment. Mainstay is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Cummings' current residence and therefore denies those allegations. Mainstay denies the remaining allegations of Paragraph 1, including any characterizations of the positions held by Cummings.

2.　　Mainstay admits that it is a nonprofit corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business in Newton, Massachusetts. Mainstay admits that it is an "employer" within the meaning of the

Family and Medical Leave Act and Massachusetts General Laws Chapter 151B. Mainstay denies that its principal place of business is in Norfolk County; its offices are located in Middlesex County.

## JURISDICTION & VENUE

3.    Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, Mainstay admits that the Superior Court has subject matter jurisdiction over claims arising under Mass. Gen. Laws ch. 151B, § 9, but denies that Cummings is entitled to any relief under that statute.

4.    Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, Mainstay admits that the Superior Court has jurisdiction over claims brought under Mass. Gen. Laws ch. 175M, but denies that Cummings is entitled to any relief under that statute.

5.    Mainstay admits that Cummings filed a charge of discrimination with the Massachusetts Commission Against Discrimination, designated as MCAD Docket No. 24NEM03190, and that the charge was dual-filed with the Equal Employment Opportunity Commission as EEOC Charge No. 16C-2025-00101. Mainstay admits that the EEOC issued a Dismissal and Notice of Right to Sue on or about December 31, 2025. Mainstay is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this Paragraph.

6.    Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Mainstay denies that venue is proper in Norfolk County. Mainstay's principal place of business is located in Newton, Massachusetts, which is in Middlesex County, not Norfolk County, and the events giving rise to Cummings's claims occurred in Middlesex County. Mainstay further states that this action has been removed to the

2

United States District Court for the District of Massachusetts, and therefore any question of venue is governed by federal law.

**GENERAL ALLEGATIONS**

7.      Mainstay admits that Cummings commenced employment with Mainstay in March 2019 as Director of In-Home Services, and that Cummings's job title was later changed to Director of Marketing in or around 2023. Mainstay denies the remaining allegations of Paragraph 7.

8.      Mainstay admits that Cummings received generally positive performance evaluations during portions of Cummings's employment and received certain salary increases. Mainstay admits that Cummings was named "Employee of the Year" in September 2023. Further answering, Mainstay states that six employees were named "Employee of the Year" in 2023 and that these awards were based on employee nominations. Mainstay denies the remaining allegations of Paragraph 8.

9.      Denied.

10.     Mainstay is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 regarding Cummings's gender identity and therefore denies those allegations. Mainstay admits that gender identity is a protected class under Mass. Gen. Laws ch. 151B.

11.     Denied. Further answering, Mainstay states that it was aware that some employees held secondary employment that had been properly disclosed to and approved by Mainstay in accordance with its conflict-of-interest policy but denies that it was a "common and accepted practice" for employees to hold secondary employment without disclosure, and denies that it condoned undisclosed secondary employment. Mainstay denies that it facilitated

3

secondary employment for Cummings in any manner that constituted approval of Cummings's undisclosed secondary employment with Trinity Management.

12.     Mainstay admits that Cummings disclosed certain outside activities during the onboarding process in 2019, as required by Mainstay's conflict-of-interest policy, and that those disclosed activities were reviewed and approved by Mainstay. Mainstay denies the remaining allegations of Paragraph 12.

13.     Mainstay admits that Cummings contacted Mainstay's Human Resources department in or around May 2024 regarding a potential medical leave. Mainstay is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the specific nature of the planned medical procedure, as that information was not known to Mainstay at the time of the events alleged. Mainstay denies the remaining allegations of Paragraph 13.

14.     Admitted.

15.     Mainstay is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16.     Mainstay admits that Cummings's PFML application indicated a leave period in connection with a scheduled surgical procedure. Mainstay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and therefore denies them.

17.     Mainstay admits that Cummings's PFML application identified employment with a second employer, Trinity Management. Mainstay admits that the Commonwealth approved Cummings's PFML application. Mainstay denies the remaining allegations of Paragraph 17, including any suggestion that Mainstay raised no issue regarding Cummings's dual employment.

Answering further, Mainstay promptly initiated a review of Cummings's compliance with its conflict-of-interest policy upon learning of the undisclosed secondary employment with Trinity Management.

18.  Mainstay admits that it terminated Cummings's employment in June 2024. Mainstay otherwise denies the allegations of Paragraph 18.

19.  Admitted.

20.  Denied.

21.  Denied.

22.  Denied. Further answering, Mainstay states that, to its knowledge, no other Mainstay employee has engaged in conduct equivalent to Cummings's—specifically, holding undisclosed, full-time, senior-level employment with an organization engaged in a similar business while employed full-time at Mainstay.

23.  Denied.

24.  Denied.

25.  Denied.

26.  Denied.

27.  Denied.

28.  Denied.

## COUNT I
### PFML / FMLA Retaliation

29.  Mainstay incorporates by reference its responses to Paragraphs 1 through 28 as if fully set forth herein.

30.  Paragraph 30 states legal conclusions to which no response is required. To the extent that a response is required, Mainstay denies the allegations set forth in this Paragraph.

31.     Paragraph 31 states legal conclusions to which no response is required. To the extent that a response is required, Mainstay denies the allegations set forth in this Paragraph.

32.     Paragraph 32 states legal conclusions to which no response is required. To the extent that a response is required, Mainstay denies the allegations set forth in this Paragraph.

33.     Mainstay admits that Cummings notified Mainstay of an intent to take medical leave in or around May 2024 and submitted associated certifications. Mainstay otherwise denies the allegations of Paragraph 33.

34.     Mainstay admits that it terminated Cummings's employment in June 2024. Mainstay otherwise denies the allegations of Paragraph 34.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

**COUNT I**
**FMLA and PFML Interference**

40.     Mainstay incorporates by reference its responses to Paragraphs 1 through 39 as if fully set forth herein.

41.     Paragraph 41 states legal conclusions to which no response is required. To the extent that a response is required, Mainstay denies the allegations set forth in this Paragraph.

42.     Paragraph 42 states legal conclusions to which no response is required. To the extent that a response is required, Mainstay denies the allegations set forth in this Paragraph.

43.     Paragraph 43 states legal conclusions to which no response is required. To the extent that a response is required, Mainstay denies the allegations set forth in this Paragraph.

44.     Mainstay admits that Cummings was employed by Mainstay at the time of the leave request and that Mainstay is a covered employer under the FMLA. Mainstay admits that Cummings submitted FMLA and PFML certifications and provided notice of an intent to take leave. Mainstay is without knowledge or information sufficient to form a belief as to the truth of certain remaining allegations regarding Cummings's eligibility and entitlement and therefore denies them.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

## COUNT III
### Massachusetts Chapter 151B Discrimination / Retaliation

50.     Mainstay incorporates by reference its responses to Paragraphs 1 through 49 as if fully set forth herein.

51.     Paragraph 51 states legal conclusions to which no response is required. To the extent that a response is required, Mainstay denies the allegations set forth in this Paragraph.

52.     Paragraph 52 states legal conclusions to which no response is required. To the extent that a response is required, Mainstay denies the allegations set forth in this Paragraph.

53.     Mainstay admits that Cummings was terminated in June 2024 and that Cummings was one of six employees named "Employee of the Year" in September 2023, based on employee nominations. Mainstay is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Cummings's gender identity and therefore denies those allegations. Mainstay denies the remaining allegations of Paragraph 53, including any

characterization of Plaintiff's performance as "exemplary" at the time of termination and any suggestion that the termination was unlawful.

54.     Paragraph 54 states legal conclusions to which no response is required. To the extent that a response is required, Mainstay denies the allegations set forth in this Paragraph.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

## DAMAGES

61.     Denied.

62.     Denied.

63.     Denied.

## PRAYER FOR RELIEF

Mainstay denies that Cummings is entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Cummings's claims are barred, in whole or in part, because Mainstay's decision to terminate Cummings's employment was based solely on a legitimate, non-discriminatory, and

8

non-retaliatory reason: Cummings's violation of Mainstay's conflict-of-interest policy by holding undisclosed, full-time, senior-level employment with an organization engaged in a business similar to Mainstay's while simultaneously employed full-time at Mainstay.

### Third Affirmative Defense

Cummings's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or unclean hands.

### Fourth Affirmative Defense

Cummings's claims are barred, in whole or in part, to the extent he failed to mitigate his damages.

### Fifth Affirmative Defense

To the extent discovery reveals that Cummings engaged in additional misconduct, misrepresentation, or violations of Mainstay's policies beyond those known at the time of termination—including but not limited to the nature and extent of Cummings's undisclosed employment with Trinity Management and any other undisclosed activities or conflicts—such after-acquired evidence bars or limits Cummings's right to damages, reinstatement, or front pay.

### Sixth Affirmative Defense

To the extent that any of Cummings's claims are based on conduct alleged to have occurred outside the applicable limitations period—including any allegations of hostile work environment or discriminatory treatment predating the charge-filing period—those claims are time-barred.

### Seventh Affirmative Defense

To the extent that Cummings's claims exceed the scope of the Charge timely filed with the MCAD and the EEOC, those claims are barred for failure to exhaust administrative remedies.

### Eighth Affirmative Defense

Cummings's claims are barred, in whole or in part, because Cummings's own conduct played a role in creating his damages.

### Ninth Affirmative Defense

Cummings is not entitled to punitive damages because Mainstay did not engage in any conduct that was malicious, willful, wanton, or in reckless disregard of Cummings's rights. Mainstay at all times acted in good faith and with a reasonable belief that its conduct was lawful.

### Tenth Affirmative Defense

Cummings is not entitled to liquidated damages under the FMLA because Mainstay acted in good faith and had reasonable grounds to believe its conduct was not in violation of the FMLA.

### Eleventh Affirmative Defense

Mainstay reserves the right to assert additional affirmative defenses that may become known during the course of discovery or further investigation.

### JURY DEMAND

Mainstay hereby demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

MAINSTAY SUPPORTIVE HOUSING AND HOME CARE, INC,

By its attorney,

/s/ *Alexandra Arnold*
Alexandra Arnold (BBO #706208)
aarnold@clohertysteinberg.com
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111
617-481-0160

Dated: June 22, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, this document was filed through the ECF system. It will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing.

/s/ *Alexandra Arnold*
Alexandra Arnold

11