**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**Woburn**

### Civil Docket#2681CV01055

I, Jessie Bernard, Deputy Assistant Clerk of the Superior Court, Within and for said County

of Middlesex, do certify that the annexed papers are true copies made by photographic process of

pleadings in **2681CV01055** entered in the Superior Court on the **20th** day of **April** in the year

of our Lord 2026.

In testimony whereof, I hereunto set my hand and affix seal of said Middlesex Superior Court at

Woburn in said county, this 9th day of **June**, in the year of our Lord **Two Thousand**

**Twenty- Six.**



_____

Jessie Bernard
Deputy Assistant Clerk

**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

### 2681CV01055 Cummings, Doren vs. Mainstay Supportive Housing and Homecare Inc.

| | |
|---|---|
| **CASE TYPE:** Torts | **FILE DATE:** 04/20/2026 |
| **ACTION CODE:** B22 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Employment Discrimination | |
| **CASE DISPOSITION DATE:** 06/08/2026 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 06/08/2026 |
| **CASE JUDGE:** | **CASE SESSION:** Civil B Rm 720 |

## PARTIES

**Plaintiff**
Cummings, Doren
116 Grant Street
North Attleboro, MA 02760

**Attorney** 665991
Sonja Linnea Deyoe
Law Offices of Sonja L. Deyoe
Law Offices of Sonja L. Deyoe
395 Smith St
Providence, RI 02908
Work Phone (401) 864-5877
Added Date: 04/20/2026

**Defendant**
Mainstay Supportive Housing and Homecare Inc.
29 Crafts Street
Suite 260
Newton, MA 02458

**Private Counsel** 706208
Alexandra Arnold
Cloherty and Steinberg LLP
Cloherty and Steinberg LLP
One Financial Center
Suite 1120
Boston, MA 02111
Work Phone (617) 481-0606
Added Date: 06/08/2026

## FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 04/20/2026 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b<br>1 Summons mailed this day. | 5.00 | 5.00 | 0.00 | 0.00 |
| 04/21/2026 | Civil Filing Fee (per Plaintiff) | 240.00 | 240.00 | 0.00 | 0.00 |
| 04/21/2026 | Civil Security Fee (G.L. c. 262, § 4A) | 20.00 | 20.00 | 0.00 | 0.00 |
| 04/21/2026 | Civil Surcharge (G.L. c. 262, § 4C) | 15.00 | 15.00 | 0.00 | 0.00 |
| | **Total** | **280.00** | **280.00** | **0.00** | **0.00** |



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 04/20/2026 | 1 | Complaint electronically filed. | |
| 04/20/2026 | 2 | Civil action cover sheet filed. | |
| 04/20/2026 | | Demand for jury trial entered. | |
| 04/21/2026 | | Case assigned to:<br>DCM Track F - Fast Track was added on 04/21/2026 | |
| 04/21/2026 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff, Attorney: Sonja Linnea Deyoe, Esq. sld@the-straight-shooter.com | |
| 05/19/2026 | 3 | Service Returned for<br><br>Defendant Mainstay Supportive Housing and Homecare Inc.: Service through person in charge / agent;<br><br>Susan Horner, On 5/13/26 at 29 Crafts Street Suite 260 Newton, MA 02458 | |
| 06/08/2026 | 4 | Defendant Mainstay Supportive Housing and Homecare Inc.'s Notice of Removal | |
| 06/08/2026 | | Attorney appearance<br>On this date Alexandra Arnold, Esq. added as Private Counsel for Defendant Mainstay Supportive Housing and Homecare Inc. | |
| 06/08/2026 | 5 | REMOVED to the U.S. District Court | |
| 06/08/2026 | | Case transferred to another court. | |

MIDDLESEX, SS. **Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this 9th day of June 2026.

_A. Bernard_

Deputy Assistant Clerk

Date Filed 4/20/2026 10:58 AM
Superior Court - Middlesex
Docket Number

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

DOREN CUMMINGS,

Plaintiff,

v.

MAINSTAY SUPPORTIVE HOUSING
& HOME CARE, INC.

RECEIVED

NH

Defendant.

4/20/2026

## COMPLAINT AND JURY DEMAND

### Parties

1.    Plaintiff Doren Cummings ("Mr. Cummings") is an individual residing in North Attleboro, Bristol County, Massachusetts. At all times relevant to this Complaint, Mr. Cummings was an employee of Defendant Mainstay Supportive Housing & Home Care ("Mainstay"), holding senior leadership positions including Director of Resident Services and Director of Marketing.

2.    Defendant Mainstay Supportive Housing & Home Care Inc. is, upon information and belief, a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business in the City of Newton, County of Norfolk, Commonwealth of Massachusetts. Mainstay is an "employer" within the meaning of the Family and Medical Leave Act ("FMLA") and Massachusetts General Laws Chapter 151B ("Chapter 151B").

### Jurisdiction and Venue

1

Date Filed 4/20/2026 10:58 AM
Superior Court - Middlesex
Docket Number

3.      This Court has subject matter jurisdiction over this action pursuant to Mass. Gen. Laws ch. .151B, § 9, which vests the Superior Court with jurisdiction over claims of unlawful discrimination .and retaliation.

4.      This Court also has jurisdiction over claims arising under the Massachusetts Paid Family and Medical Leave law ("MA PFML"), Mass. Gen. Laws ch. 175M. An employee aggrieved by a violation of the anti-retaliation provisions of M.G.L. c. 175M may institute a civil action in the superior court.

5.      Plaintiff has satisfied all administrative prerequisites to filing this action. Plaintiff timely filed a charge of discrimination and retaliation with the Massachusetts Commission Against Discrimination ("MCAD"), designated as MCAD Docket No. 24nem03190, and the U.S. Equal Employment Opportunity Commission ("EEOC"), designated as EEOC Charge No. 16C-2025-00101. The EEOC issued a Dismissal and Notice of Right to Sue on or about December 31, 2025.

6.      Venue is proper in this Court pursuant to Mass. Gen. Laws ch. 151B, § 9, as the Defendant resides and/or transacts business in Norfolk County, and the unlawful practices alleged herein occurred within Norfolk County.

## General Allegations

7.      Mr. Cummings commenced employment with Mainstay in or around 2019 and, through his exemplary performance, rose to senior leadership positions, including Director of Resident Services and Director of Marketing.

8.      Mr. Cummings consistently received positive performance evaluations, salary increases, and commendations for his work. In recognition of his contributions, Mainstay named him "Employee of the Year" in September 2023.

9.      At all relevant times, Mr. Cummings performed his duties in a manner that met or exceeded Mainstay's legitimate business expectations.

2

Date Filed 4/20/2026 10:58 AM
Superior Court - Middlesex
Docket Number

10.     Mr. Cummings is a transgender man and, as such, is a member of a protected class under Mass. Gen. Laws ch. 151B.

11.     Throughout his employment, it was a common and accepted practice at Mainstay for employees at all levels to hold secondary employment. Upon information and belief, Mainstay was aware of and condoned this practice, and in some instances, facilitated secondary employment for its staff, including for Mr. Cummings.

12.     When Mr. Cummings was hired in 2019, he disclosed in writing during the onboarding process that he held a secondary job. Mainstay never raised this disclosure as a concern or indicated that it posed a conflict.

13.     In or around May 2024, Mr. Cummings notified Mainstay of his need to take medical leave for a serious health condition, specifically for gender-affirming surgery (FTM double mastectomy).

14.     In connection with his leave request, Mr. Cummings submitted a "Certification of Health Care Provider for Employee's Serious Health Condition" form under the FMLA and a "Certification of Your Serious Health Condition" under the MA PFML.

15.     The medical certifications, completed by his health care provider, Dr. Adam Tobias, confirmed his serious health condition, the medical necessity of the surgery, and the anticipated period of incapacity.

16.     The certifications specified that the surgery was scheduled for June 24, 2024, and that Mr. Cummings would be incapacitated and unable to work from approximately June 24, 2024, to July 15, 2024. The forms detailed that his recovery would involve "drain care, wound care + follow up appointments + activity restrictions," and that he would be unable to perform essential job functions such as lifting over five pounds, pushing, pulling, bending, or twisting.

3

Date Filed 4/20/2026 10:58 AM
Superior Court - Middlesex
Docket Number

17. In his May 2024 MA PFML application, Mr. Cummings again disclosed his secondary employment. His request for leave was approved by the Commonwealth and his employers without any issue being raised concerning his dual employment.

18. In or around June 2024, shortly after his request for protected medical leave was made and his gender identity was known to Mainstay, Mainstay abruptly terminated Mr. Cummings' employment.

19. Mainstay informed Mr. Cummings that the reason for his termination was that he held two full-time jobs and had failed to disclose this information.

20. The reason provided by Mainstay for Mr. Cummings' termination was pretextual.

21. Mainstay's proffered reason is contradicted by its long-standing practice of permitting secondary employment, its own facilitation of such employment for Mr. Cummings, and Mr. Cummings' repeated disclosures of his secondary employment without any objection from Mainstay.

22. Upon information and belief, Mainstay has selectively enforced its secondary employment policy solely against Mr. Cummings. Since his termination, no other employee at Mainstay known to hold secondary employment has been reprimanded or terminated for this reason.

23. The timing of the termination, occurring immediately after Mr. Cummings engaged in protected activity by requesting FMLA/PFML leave for his gender-affirming surgery, demonstrates a causal link between his protected activity and the adverse employment action.

24. Prior to his termination, Mr. Cummings was subjected to a hostile work environment by Mainstay's CEO, Larry Oaks, who engaged in aggressive and intimidating behavior, including yelling at Mr. Cummings on multiple occasions. This behavior caused Mr. Cummings significant stress, which contributed to his need for a prior medical leave in 2021.

25. Following his termination, Mr. Oaks, on behalf of Mainstay, engaged in a campaign of retaliatory harassment against Mr. Cummings.

Date Filed 4/20/2026 10:58 AM
Superior Court - Middlesex
Docket Number

26.    Mr. Oaks intentionally and maliciously contacted Mr. Cummings' subsequent employers, Trinity Management and NECI, for the purpose of interfering with his employment relationship and jeopardizing his professional stability, income, and access to health insurance.

27.    This retaliatory interference occurred on multiple occasions, including but not limited to, in or around June 2024, August 2024, November 2024, and January 2025.

28.    Mainstay's actions have caused Mr. Cummings to suffer significant harm, including the loss of employment, wages, and benefits; emotional distress; and damage to his professional reputation.

## Count I — PFMLA - FMLA Retaliation

29.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.    The Family and Medical Leave Act ("FMLA") makes it unlawful for any employer to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by" the FMLA. 29 U.S.C. § 2615(a)(2). The FMLA's implementing regulations further provide that employers are prohibited from "discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights." 29 C.F.R. § 825.220(c).

31.    Similarly, the Massachusetts Paid Family and Medical Leave law ("MA PFML") makes it unlawful for an employer to take any retaliatory personnel action against an employee for exercising rights protected under M.G.L. c. 175M. M.G.L. c. 175M, § 2(e); 458 Mass. Code Regs. 2.16.

32.    To establish a prima facie case of retaliation under the FMLA and MA PFML, a plaintiff must show that (1) they engaged in protected conduct; (2) they suffered an adverse employment action; and (3) a causal connection existed between the protected conduct and the adverse action.

5

Date Filed 4/20/2026 10:58 AM
Superior Court - Middlesex
Docket Number

33. Mr. Cummings engaged in protected activity when, in or around May 2024, he notified Mainstay of his need for leave and submitted medical certification for his own serious health condition, specifically for gender-affirming surgery. The request for FMLA-qualifying leave is protected conduct.

34. Mainstay subjected Mr. Cummings to adverse employment actions, including but not limited to terminating his employment in June 2024. Termination is a quintessential adverse employment action. Moreover, Mainstay engaged in a post-termination campaign of harassment by contacting Mr. Cummings' subsequent employers in an attempt to interfere with his new employment relationships, which constitutes further retaliatory conduct.

35. A causal connection exists between Mr. Cummings' protected activity and his termination. The adverse action followed in "very close temporal proximity" to his protected activity. Mr. Cummings was terminated just weeks after he formally requested protected medical leave. Such close timing is sufficient to support an inference of causation.

36. Mainstay's proffered reason for terminating Mr. Cummings—his alleged failure to disclose secondary employment—was a pretext for unlawful retaliation. Evidence of pretext includes:

    a. The "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in Mainstay's reason for the termination.

    b. The fact that Mainstay had a history of permitting and even facilitating secondary employment for its employees, including for Mr. Cummings.

    c. Mr. Cummings' repeated disclosures of his secondary employment, both at the time of hire and in his PFML application, without any objection from Mainstay.

    d. Mainstay's selective enforcement of its policy only against Mr. Cummings, and only after he engaged in protected activity related to his gender transition, and

6

    e.   The close temporal proximity between the protected leave request and the termination.

37.    Mainstay used Mr. Cummings' request for protected medical leave as a negative factor in its decision to terminate his employment, in direct violation of 29 C.F.R. § 825.220(c) and the PFML. In the alternative, Mr. Cummings' protected activity was the "but-for" cause of his termination.

38.    As a direct and proximate result of Mainstay's retaliatory actions, Mr. Cummings has suffered and will continue to suffer damages, including but not limited to lost wages, loss of benefits, emotional distress, and harm to his professional reputation.

39.    By its actions, Mainstay has violated the anti-retaliation provisions of the FMLA, 29 U.S.C. § 2615(a)(2), and the MA PFML, M.G.L. c. 175M, § 2(e).

## Count II — FMLA and PFML Interference

40.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.    The FMLA makes it unlawful for any employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided by the statute. 29 U.S.C. § 2615(a)(1) as does the PFML under MGL c. 175M § 9. These rights include the right to take job-protected leave for a serious health condition and the right to be restored to the same or an equivalent position upon return from leave.

42.    An interference claim alleges that an employer denied an employee their substantive rights under the PFLM and FMLA. Unlike a retaliation claim, a plaintiff does not need to prove retaliatory motive to prevail on an interference claim. Actions that discourage an employee from using FMLA or PFML leave can also constitute interference.

Date Filed 4/20/2026 10:58 AM
Superior Court - Middlesex
Docket Number

43.    To state a claim for PFML or FMLA interference, a plaintiff must show: (1) they were eligible for FMLA/PFML protections; (2) their employer was covered by the FMLA/PFML; (3) they were entitled to take leave under the FMLA/PFML; (4) they gave the employer notice of their intent to take leave; and (5) the employer denied them FMLA/PFML benefits to which they were entitled.

44.    Mr. Cummings satisfied all prerequisites for PFML/FMLA-protected leave. He was an eligible employee of a covered employer, was entitled to leave due to a certified serious health condition, and provided Mainstay with proper and timely notice of his intention to take leave.

45.    Mainstay interfered with, restrained, and denied Mr. Cummings' substantive rights under the FMLA and MA PFML by terminating his employment in June 2024, just weeks before his scheduled and approved medical leave was to commence.

46.    By terminating his employment, Mainstay made it impossible for Mr. Cummings to exercise his right to take leave for his serious health condition and effectively denied him his absolute right to be restored to his former position or an equivalent one upon the conclusion of his leave. This termination constituted a direct interference with and denial of his PFML/FMLA rights and benefits.

47.    Furthermore, Mainstay's action of terminating a senior-level employee immediately after he requested protected leave for a gender-affirming surgery constitutes an act that would discourage a reasonable employee from exercising their rights under the PFML/FMLA, which itself is a form of interference. 29 C.F.R. § 825.220(b).

48.    As a direct and proximate result of Mainstay's interference with his PFML/FMLA rights, Mr. Cummings has suffered damages, including but not limited to the loss of employment, lost wages and benefits, and other consequential damages.

Date Filed 4/20/2026 10:58 AM
Superior Court - Middlesex
Docket Number

49.     By its actions, Mainstay has violated the FMLA's prohibition on interference, 29 U.S.C. § 2615(a)(1), and the job protection provisions of the MA PFML, M.G.L. c. 175M, § 2(e).

### Count III — Massachusetts Chapter 151B Discrimination/Retaliation

50.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.     Massachusetts General Laws Chapter 151B, § 4 makes it unlawful for an employer to discriminate against an individual in compensation or in terms, conditions, or privileges of employment because of their gender identity. It is also unlawful for an employer to discharge, expel, or otherwise discriminate against any person because they have opposed any practices forbidden under Chapter 151B.

52.     To establish a prima facie case of discrimination, a plaintiff must show: (1) membership in a protected class; (2) they performed their job at an acceptable level; and (3) they were subject to an adverse employment action, such as termination. To prevail, a plaintiff must prove that the employer acted with discriminatory animus and that this animus was a cause of the adverse action.

53.     Mr. Cummings is a member of a protected class based on his gender identity as a transgender man. He performed his job duties in an exemplary manner, as evidenced by his promotions and receipt of the "Employee of the Year" award in September 2023. He was subjected to a severe adverse employment action when he was terminated in June 2024.

54.     To establish a prima facie case of retaliation, a plaintiff must show that: (1) they engaged in protected conduct; (2) they suffered an adverse action; and (3) a causal connection existed between the protected conduct and the adverse action.

. Date Filed 4/20/2026 10:58 AM
Superior Court - Middlesex
Docket Number

55. Mr. Cummings engaged in protected conduct by, among other things, requesting leave for a medically necessary gender-affirming surgery, which is inextricably linked to his protected status under Chapter 151B.

56. Mainstay subjected Mr. Cummings to adverse employment actions, including termination and a subsequent campaign of malicious interference with his new employment relationships, conducted by its CEO, Larry Oaks.

57. A causal connection between Mr. Cummings' protected status and conduct and the adverse actions is established by, among other things, the close temporal proximity between his request for leave for gender-affirming surgery and his termination.

58. Mainstay's proffered reason for terminating Mr. Cummings—his alleged failure to disclose secondary employment—is a pretext for unlawful discrimination and retaliation. Evidence of pretext is substantial and includes Mainstay's inconsistent and selective enforcement of its purported policy, its prior awareness and acceptance of Mr. Cummings' secondary employment, and the timing of the termination.

59. Mainstay's actions were motivated by discriminatory animus toward Mr. Cummings' gender identity and in retaliation for his protected activities. This animus was a "determinative factor" in the decision to terminate him, and "but for" this unlawful motive, he would not have been terminated.

60. As a direct and proximate result of Mainstay's discriminatory and retaliatory conduct in violation of Mass. Gen. Laws ch. 151B, § 4, Mr. Cummings has suffered and will continue to suffer damages, including lost wages and benefits, emotional distress, and harm to his professional reputation.

## Damages

10

Date Filed 4/20/2026 10:58 AM
Superior Court - Middlesex
Docket Number

61. As a direct and proximate result of Defendant Mainstay's unlawful and discriminatory conduct, Plaintiff has suffered and will continue to suffer substantial damages.

62. These damages include, but are not limited to:

 a. Lost wages, salary, bonuses, and other compensation from the date of his unlawful termination to the date of judgment (back pay);

 b. Future lost wages, diminished earning capacity, and other compensation (front pay);

 c. The value of lost employment benefits, including but not limited to health insurance and retirement contributions;

 d. Damages for the emotional distress, humiliation, mental anguish, and pain and suffering he has endured as a result of Defendant's actions;

 e. Reputational harm and damage to his professional standing resulting from his wrongful termination and Defendant's subsequent retaliatory conduct;

 f. Liquidated damages in an amount equal to his compensatory damages plus interest, pursuant to the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii); and

 g. Punitive damages pursuant to Mass. Gen. Laws ch. 151B, § 9, to punish Defendant for its malicious, willful, outrageous, and reckless conduct and to deter similar conduct in the future; and h. Costs, expenses, and reasonable attorneys' fees incurred in the prosecution of this action, as provided by the FMLA and Mass. Gen. Laws ch. 151B.

63. Plaintiff is also entitled to an award of pre-judgment and post-judgment interest as provided by law.

<div align="center">

**Prayer for Relief**

</div>

. Date Filed 4/20/2026 10:58 AM
Superior Court - Middlesex
Docket Number

WHEREFORE, Plaintiff Doren Cummings respectfully requests that this Honorable Court enter judgment in his favor and against Defendant Mainstay Supportive Housing & Home Care and grant the following relief:

A. A declaration that the acts and practices of Defendant complained of herein are in violation of the FMLA and Mass. Gen. Laws ch. 151B;

B. An award of compensatory damages, including back pay and front pay, in an amount to be determined at trial;

C. An award of damages for emotional distress in an amount to be determined at trial;

D. An award of punitive damages in an amount to be determined at trial;

E. An award of liquidated damages as provided by the FMLA and PFML;

F. An award of reasonable attorneys' fees and the costs of this action;

G. An award of pre-judgment and post-judgment interest at the statutory rate; and

H. Such other and further legal and equitable relief as this Court deems just and proper.

## Jury Demand

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

DOREN CUMMINGS,

By their attorneys,

/s/Sonja L. Deyoe
Sonja L. Deyoe #665991 bbo
Law Offices of Sonja L Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
SLD@the-straight-shooter.com

12

**MIDDLESEX, SS.** *Commonwealth of Massachusetts*

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this 9th day of June 2026.

Deputy Assistant Clerk

Date Filed 4/20/2026 10:58 AM
Superior Court - Middlesex
Docket Number

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>2681v1055 | Massachusetts Trial Court<br>Superior Court |
|---|---|---|
| | | COUNTY Middlesex Superior Court (Lowell) |

| Plaintiff     Doren Cummings | Defendant:     Mainstay Supportive Housing and Homecare, Inc., |
|---|---|
| ADDRESS:     116 Grant Street | ADDRESS:     29 Crafts St, Suite 260 |
| North Attleboro, MA 02760 | Newton, MA 02458 |
| | |
| Plaintiff Attorney:     Sonja L. Deyoe | Defendant Attorney: |
| ADDRESS:     Law offices of Sonja L. Deyoe | ADDRESS: |
| 395 Smith Street, Providence, RI 02908 | |
| 401-864-5877 SLD@the-straight-shooter.com | |
| BBO:     665991 | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see Instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES    ☐ NO |

*If "Other" please describe: _____

Is there a claim under G.L. c. 93A?     ☐ YES    ☒ NO

Is there a class action under Mass. R. Civ. P. 23?     ☐ YES    ☒ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

NH

4/20/2026

RECEIVED

A. Documented medical expenses to date
1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below)

Subtotal (1-5):     $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages     $175,000.00
F. Other documented items of damages (describe below)

TOTAL (A-F):     $175,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

These are mandatory Superior Court filings due to Discrimination claims. The numbers above a rough numbers based on loss of position.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Self-Represented Plaintiff: X /s/ Sonja L Deyoe | Date:     April 20, 2026 |
|---|---|

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X /s/ Sonja L Deyoe | Date:     April 20, 2026 |
|---|---|

Date Filed 4/20/2026 10:58 AM
Superior Court - Middlesex
Docket Number

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | |
|---|---|
| AA1 Contract Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action Involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action Involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action Involving an Incarcerated Party | (A) |
| PB1 Tortious Action Involving an Incarcerated Party | (A) |
| PC1 Real Property Action Involving an Incarcerated Party | (F) |
| PD1 Equity Action Involving an Incarcerated Party | (F) |
| PE1 Administrative Action Involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
### ACCURATELY, THE CASE MAY BE DISMISSED.

SC0001: 02/24                        www.mass.gov/courts                        Date/Time Printed:04-20-2026 10:53:29

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2681CV01055 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Cummings, Doren vs. Mainstay Supportive Housing and Homecare Inc. | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                           DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/20/2026 | |
| Response to the complaint filed (also see MRCP 12) | | 08/19/2026 | |
| All motions under MRCP 12, 19, and 20 | 08/19/2026 | 09/18/2026 | 10/19/2026 |
| All motions under MRCP 15 | 08/19/2026 | 09/18/2026 | 10/19/2026 |
| All discovery requests and depositions served and non-expert depositions completed | 02/16/2027 | | |
| All motions under MRCP 56 | 03/17/2027 | 04/16/2027 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/16/2027 |
| Case shall be resolved and judgment shall issue by | | | 04/20/2028 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 04/21/2026 | ASSISTANT CLERK Debra J Newman | PHONE (781)939-2748 |
|---|---|---|

Date/Time Printed: 04-21-2026 08:53:23                                              SCV026\ 08/2018

**3**

RECEIVED

# Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. *2681CV01055*

*Doren Cummings* , PLAINTIFF(S),

V.

*Mainstay Supportive* , DEFENDANT(S)
*Housing and Homecare, Inc.*



## SUMMONS

THIS SUMMONS IS DIRECTED TO *Mainstay Supportive Housing and Homecare, Inc.* . (Defendant's name).
*29 Crafts St., Suite 260, Newton, MA 02458.*

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the *Middlesex Superior* Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, *Middlesex Superior* Court, *200 Trade Center Dr. 2nd Floor Woburn, MA 01801* (address), by mail or in person, **AND**
    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: *Law Offices of Sonja L. Deyoe, 395 Smith St., Providence, RI 02908.*

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

NH

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on _____, 20 ___ .

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

**Middlesex Sheriff's Office • 40 Brick Kiln Road Chelmsford, MA 01824 • 617-547-1171**
**Middlesex, ss.**

May 14, 2026
I hereby certify and return that on 5/13/2026 at 10:57 AM I served a true and attested copy of the SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET in this action in the following manner: To wit, by delivering in hand to SUSAN HORNER, agent, person in charge at the time of service for MAINSTAY SUPPORTIVE HOUSING AND HOMECARE, INC, at 29 CRAFTS Street SUITE 260 NEWTON, MA 02458 . Fees: Attest ($5.00) Basic Service Fee ($30.00) Postage and Handling ($3.00) Travel ($7.68) Conveyance ($4.50) Total: $50.18

Jeanne M. Martin
**Deputy Sheriff**

, 20___

4

RECEIVED

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                    SUPERIOR COURT DEPARTMENT

| | |
|---|---|
| DOREN CUMMINGS, <br><br> Plaintiff, <br><br> v. <br><br> MAINSTAY SUPPORTIVE HOUSING AND HOME CARE, INC., <br><br> Defendant. | Civil Action No. 2681CV01055 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, on June 8, 2026, Defendant Mainstay Supportive Housing and Home Care, Inc. filed a Notice of Removal of this action in the United States District Court for the District of Massachusetts. A copy of the Notice of Removal is attached.

Respectfully submitted,

MAINSTAY SUPPORTIVE HOUSING AND HOME CARE, INC,

By its attorney,

/s/ Alexandra Arnold
Alexandra Arnold (BBO #706208)
aarnold@clohertysteinberg.com
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111
617-481-0160

Dated: June 8, 2026

NH

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, I served this document by certified mail and email

on Plaintiff Doren Cummings, through his counsel:

Sonja L. Deyoe
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
SLC@the-straight-shooter.com

/s/ Alexandra Arnold
Alexandra Arnold

2

# EXHIBIT

# A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DOREN CUMMINGS, <br><br> Plaintiff, <br><br> v. <br><br> MAINSTAY SUPPORTIVE HOUSING AND HOME CARE, INC., <br><br> Defendant. | Civil Action No. 1:26-cv-12593 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Mainstay Supportive Housing and Home Care, Inc. ("Mainstay") hereby removes the action brought by Plaintiff Doren Cummings in the Commonwealth of Massachusetts Middlesex County Superior Court, Civil Action No. 2681CV01055, to this Court. In support of this notice, Mainstay states:

1.      On April 20, 2026, Cummings filed a civil action in the Middlesex Superior Court. The action is styled as case number 2681CV01055. *See* Exhibit A (Complaint).

2.      Cummings's complaint alleges violations of the Family and Medical Leave Act (FMLA) and the Massachusetts Paid Family Medical Leave Act (PFML).

3.      Cummings served Mainstay with a copy of the summons and complaint on May 13, 2026. *See* Exhibit B (Return of Service).

4.      Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all other process, pleadings, and orders served upon Mainstay and filed in the state court action are attached as Exhibit C.

Date Filed 6/8/2026 1:33 PM Case 1:26-cv-12593-GAO Document 7 Filed 08/06/26 Page 26 of 27
Superior Court - Middlesex
Docket Number 2681CV01055 Case 1:26-cv-12593 Document 1 Filed 06/08/26 Page 2 of 3

## VENUE

5.     The United States District Court for the District of Massachusetts is the federal judicial district embracing the Commonwealth of Massachusetts Middlesex County Superior Court, where this action was originally filed. Therefore, pursuant to 28 U.S.C. §§ 101, 1441(a), assignment to the United States District Court for the District of Massachusetts is proper.

## GROUNDS FOR JURSIDICTION

6.     Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Cummings's FMLA claims, which arise under the laws of the United States.

7.     Pursuant to 28 U.S.C. § 1337(a), this Court has supplemental jurisdiction over Cummings's state law PFML claims, as they relate to claims over which this Court has original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution.

## TIMELY REMOVAL

8.     Mainstay was served with the summons and complaint on May 13, 2026. Mainstay has filed this notice of removal within thirty days of service of the complaint, and it is therefore timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (period for removal under 28 U.S.C. § 1446(b) begins to run only after a defendant is brought under the court's authority by service of process).

## NOTICE TO STATE COURT

9.     Pursuant to 28 U.S.C. § 1446(d), undersigned counsel has filed this notice of removal, as well as a notice of filing of notice of removal, with the Clerk of the Commonwealth of Massachusetts Middlesex County Superior Court and has served the same on counsel for Cummings.

WHEREFORE, Mainstay hereby removes the state court action to this Court's jurisdiction.

<div style="margin-left:50%">

Respectfully submitted,

MAINSTAY SUPPORTIVE HOUSING
AND HOME CARE, INC,

By its attorney,

/s/ *Alexandra Arnold*
Alexandra Arnold (BBO #706208)
aarnold@clohertysteinberg.com
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111
617-481-0160

</div>

Dated: June 8, 2026

<div style="text-align:center">

**CERTIFICATE OF SERVICE**

</div>

I hereby certify that on June 8, 2026, this document was filed through the ECF system. It will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing. I also served this document by certified mail and email on Cummings, through his counsel of record in the state court action:

Sonja L. Deyoe
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
SLC@the-straight-shooter.com

<div style="margin-left:50%">

/s/ *Alexandra Arnold*
Alexandra Arnold

</div>